IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FAYE F. ARCHER,

    Plaintiff

v.                                                        Civil Case No. 3:17-cv-616

SUNTRUST BANK, et al.,

    Defendants.

## OPINION

This case arises under the Employee Retirement Income Security Act of 1974 ("ERISA"). The plaintiff, Faye F. Archer, worked for defendant SunTrust Bank ("SunTrust")[1] until October 2010, when she ended her employment due to physical disabilities. Sedgwick Claims Management Services, Inc. ("Sedgwick"), the plan administrator for the employee benefit plan in which Archer participated, paid her long-term disability benefits until February, 2014. After reinstating Archer's benefits in November, 2016, Sedgwick again terminated them in November, 2017.

Archer filed suit against SunTrust and Sedgwick, alleging two counts under ERISA, for (I) denial of disability benefits, and (II) breach of fiduciary duties. The defendants have moved to dismiss Count II. Because Count II is in essence a claim for denial of benefits, and Count I provides the appropriate remedy for a denial of benefits in this case, Archer cannot also maintain Count II. The Court therefore grants the defendants' motion to dismiss Count II.

---

[1] SunTrust alleges that the proper defendant is SunTrust Banks, Inc., and that entity should replace SunTrust Bank. If that is the case, the Court advises the parties to take the proper steps to ensure the complaint lists the correct entity.

# I. <u>BACKGROUND</u>

Archer worked as a Mortgage Electronic Registration Systems, Inc. ("MERS") Administrator for SunTrust until October 20, 2010, when her physical disabilities caused her to stop working. Archer suffers from a variety of ailments: sleep apnea, fibromyalgia, chronic fatigue syndrome, cognitive inabilities, insomnia, restless leg syndrome, chronic pain syndrome, chronic migraines, irritable bowel syndrome, nausea, esophagus problems, gastroesophageal reflux disease ("GERD"), and neck and back pain. Archer has not qualified for Social Security disability benefits because she worked for an insufficient period prior to her disability. After leaving SunTrust, Archer received short-term disability benefits through Aetna until April 4, 2011. Sedgwick then paid her long-term disability benefits from April 18, 2011, until February 7, 2014.

After Sedgwick terminated her benefits in 2014, Archer filed suit in this Court. (Civil Action No. 3:15-cv-444-JAG.) In November, 2015, Sedgwick reinstated her benefits, and Archer dismissed the lawsuit. Sedgwick again terminated Archer's benefits effective November 18, 2016. Sedgwick's December 12, 2016, termination letter indicated Archer's condition had improved such that she could return to full-time employment. Archer submitted additional documentation to demonstrate that she is unable to work, but Sedgwick refused to reconsider. Archer has exhausted all administrative remedies.

Archer filed this suit for (I) denial of disability benefits and (II) breach of fiduciary duty under ERISA.[2] The defendants moved to dismiss Count II.

---

[2] The complaint lists ERISA "§§ 502(a)(1)(B), 501(a)(3), 502(c) and 503" as the bases for Archer's claims. (Compl., at 1.) The complaint, however, does not refer to specific ERISA provisions in its discussion of the two counts, and only briefly mentions § 503 in the facts section. In Archer's opposition to the defendants' motion to dismiss, she argues that her claims "of both denial of disability benefits under Section 501(a)(1)(B) [sic] and <u>breach</u> of fiduciary

## II. DISCUSSION[3]

SunTrust and Sedgwick moved to dismiss Count II on the grounds that Archer's breach of fiduciary duty claim is simply a repackaged version of Count I, for denial of benefits. The defendants argue that Archer may not maintain a fiduciary duty claim under ERISA § 502(a)(3) because her injury derives from Sedgwick denying her long-term disability benefits, for which § 502(a)(1)(B) provides an adequate remedy.

The Supreme Court has considered the function of § 502(a)(3) and determined that it is a "catchall" provision, intended to serve as a "safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). In other words, where Congress provided sufficient relief for an injury through another subsection of ERISA, the plaintiff needs no further equitable relief under § 502(a)(3). *Id.* at 515. The Fourth Circuit joined "the great majority of circuit courts" in interpreting *Varity* to hold that "a claimant whose injury creates a cause of action under

---

duty under Section 502(a)(3) should proceed." (Pl. Opp., at 4) (emphasis in original). The Court presumes Archer intended to cite § 502(a)(1)(B), rather than § 501(a)(1)(B), in her response, as § 501 addresses criminal penalties and does not contain this specific subsection. Because ERISA § 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)] pertains to denial of benefits, and Archer's fiduciary duty claim arises from § 502(a)(3) [29 U.S.C. § 1132(a)(3)], the Court limits its analysis to those two provisions.

[3] The defendants moved to dismiss Count II pursuant to Federal Rule of Procedure 12(b)(6). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[§ 502(a)(1)(B)] may not proceed with a claim under [§ 502(a)(3)]." *Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 106 (4th Cir. 2006). Claimants cannot get around this rule by characterizing a denial of benefits as a breach of fiduciary duty. *Id.* at 107; *see also Jenkins v. Int'l Ass'n of Bridge*, No. 2:14-cv-526, 2015 WL 1291883, at *8 (E.D. Va. Mar. 20, 2015) (dismissing the plaintiff's § 502(a)(3) claim because it was a "repackaged" denial of benefits claim).

Archer's two counts fit within the pattern of claims that *Varity* and *Korotynska* foreclose. Her breach of fiduciary duty count essentially reformulates her denial of benefits claim. She does not state any independent factual basis for her fiduciary duty claim. Because ERISA § 502(a)(1)(B) provides Archer with a remedy for her alleged injury, she cannot also bring the same claim under § 502(a)(3).

In addition to benefits, Archer asks the Court for an order designating her an eligible plan participant or an order remanding her claim for reconsideration using medical evidence. Again, Archer simply wants to overcome the *Varity* hurdle by couching her claim for benefits as a request for equitable relief; once again, she does not succeed. *See Estate of Spinner v. Anthem Health Plans of Virginia, Inc.*, 388 F. App'x 275, 282 (4th Cir. 2010) (rejecting a claim for benefits reclassified as an equitable claim for "restitution"); *Korotynska*, 474 F.3d at 107-08 (determining that, although the plaintiff sought revised claims procedures, her ultimate goal was to secure benefits). Moreover, courts regularly consider allegations relating to claims procedures in appeals of benefits denials, so § 502(a)(1)(B) provides an appropriate avenue to address all of Archer's claims. *Id.* (noting that a court reviewing a benefits determination should consider fiduciary motives and conflicts of interest).

Archer argues that *McCravy v. Metro. Life Ins. Co.*, entitles her to relief under § 502(a)(3). 690 F.3d 176 (4th Cir. 2012). *McCravy* relied on the Supreme Court's decision in *Cigna Corp. v. Amara*, 563 U.S. 421 (2011), and expanded the equitable relief available under § 502(a)(3) to include monetary damages. *McCravy*, 690 F.3d at 182–83. *McCravy* and *Amara*, however, have no bearing here, as they do not alter the rule in *Varity* and *Korotynska*. The Fourth Circuit confirmed this proposition in a post-*Amara* decision by affirming dismissal of the plaintiff's fiduciary duty claim on the grounds that "a party may not request simultaneous relief" under both §§ 502(a)(1)(B) and (a)(3). *Savani v. Wash. Safety Mgmt. Solutions, LLC*, 474 F. App'x 310, 313 n.2 (4th Cir. 2012); *see also Campbell v. Rite Aid Corp.*, No. 7:13-cv-2638, 2014 WL 3868008, at *4 (D.S.C. Aug. 5, 2014) (collecting district court cases finding that *Amara* and *McCravy* do not alter the rule in *Varity* and *Korotynska*).

## III. CONCLUSION

Archer's alleged injury for denial of long-term disability benefits gives rise to a cause of action under ERISA §§ 502(a)(1)(B). She cannot also bring a claim stemming from the same injury under § 502(a)(3). Therefore, Count II of the complaint fails to state a claim upon which relief can be granted. The Court accordingly grants the defendants' motion to dismiss Count II.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: December 22, 2017
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge

5